# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Gary Gauthier, individually and on behalf of all other similarly situated individuals, | Case No. 2:15-cv-02369-GCS-TPK |
| | Judge George C. Smith |
| | Magistrate Judge Kemp |
| Plaintiff, | |
| v. | **SECOND AMENDED COMPLAINT** |
| Kayden Industries Ltd., Kayden Industries LP, Kayden Industries Inc., and Kayden Industries (USA), Inc., | |
| Defendants. | |

## PRELIMINARY STATEMENT

1. This is a collective action brought by Plaintiff Gary Gauthier ("Plaintiff"), on behalf of himself and all others similarly situated, to recover overtime compensation from his former employers Kayden Industries Ltd., Kayden Industries LP, Kayden Industries Inc., and Kayden Industries (USA), Inc. (collectively "Defendants").

2. Defendants employ solids control technicians, or those in similar positions, and paid them on a day rate. The solids control technicians routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for any of their overtime hours.

3. Plaintiff brings this action (1) as an opt-in collective action on behalf of himself and all similarly situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and (2) on behalf of himself and a class of others pursuant to the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

5. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear Plaintiff's state law claims brought under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.

6. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

### Plaintiff

7. Plaintiff is an adult resident of Edmonton, Alberta. Plaintiff worked for Defendants as a solids control technician in the United States from approximately March 28, 2014, to December 26, 2014.

8. Plaintiff was dispatched to land-based oil and gas rigs within the United States during his employment. He performed work for Defendants in Guernsey County and Noble County, Ohio.

9. Plaintiff brings this action on behalf of himself and all other similarly situated individuals nationwide ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective were, or are, employed by Defendants as solids control technicians, or other job titles performing similar duties, working across the United States during the applicable statutory period.

10. Plaintiff and the FLSA Collective are current and former employees of

Defendants within the meaning of the FLSA and were employed by Defendants within three years of the date this Complaint was filed. *See* 29 U.S.C. § 255(a).

11. Plaintiff also brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff and the putative Rule 23 Class were, or are, employed by Defendants as solids control technicians, or other job titles performing similar duties, working in Ohio during the applicable statutory period.

**Defendants**

12. Defendant Kayden Industries Ltd. is a foriegn corporation with operations in Canada and one of its offices at 2167-F State Route 821, Marietta, Ohio.

13. Defendant Kayden Industries LP is a foreign corporation with operations in Canada and Marietta, Ohio.

14. Defendant Kayden Industries Inc. is a foreign corporation with operations in Canada and Marietta, Ohio.

15. Defendant Kayden Industries (USA), Inc. is a foreign corporation and wholly-owned subsidiary of defendant Kayden Industries LP. It operates an office at 2167-F State Route 821, Marietta, Ohio.

16. Defendants provide services to the liquid-solid separation industry used for petroleum drilling, wastewater management, and mining. They sell their services to oil and gas drilling companies, the water management industry, and some of the world's largest mining companies in areas all over the United States and throughout the world.

17. Defendants Kayden Industries Ltd., Kayden Industris LP, and Kayden Industries Inc. continuously employed and compensated solids control technicians while they worked in the United Stated.

18. Defendant Kayden Industries (USA), Inc. supervised and controlled solids controls technicians working in the United States, including those employed by Defendants Kayden Industries Ltd., Kayden Industris LP, and Kayden Industries Inc. Its employees acted as solids control technicians' managers, assigning them to work locations in Ohio, setting work shifts and schedules, and overseeing how they performed their duties.

19. Upon information and belief, Defendants shared meaningful direct and indirect control over solids control technicians and acted in the interest of one another, consituting joint employers. *See* 29 C.F.R. § 791.2.

20. Upon information and belief, Defendants' gross annual sales made or business done has been in excess of $500,000 at all relevant times.

21. At all relevevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendants are, or were, also "employers" under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03.

22. Defendants operate in interstate commerce by, among other things, dispatching their employees and equipment to customers in multiple states, including customers in Ohio.

## FACTUAL ALLEGATIONS

23. Plaintiff and the putative collective/class members are individuals who were or are employed by Defendants as solids control technicians, or other job titles performing similar duties. In these positions, their primary job duty was or is non-exempt work: operating and servicing centrifuges and other solids control equipment at Defendants' client sites.

24. Plaintiff and the putative collective/class members were or are paid a day rate with no overtime pay for hours worked over forty (40) in a workweek.

4

25. Defendants suffered and permitted Plaintiff and the putative collective/class members to work more than forty (40) hours a week without overtime pay.

26. Defendants classified Plaintiff and the putative class members as exempt from overtime compensation.

27. Defendants were aware, or should have been aware, that Plaintiff and the putative collective/class members performed non-exempt work that required payment of overtime compensation.

28. Defendants were also aware of Plaintiff's and the putative collective/class members' long work hours. Plaintiff, for example, worked under a "twenty days on/ten days off" schedule, with scheduled shifts of twelve-hours. Accordingly, for the weeks Plaintiff and the putative class members worked, they typically worked at least eighty-four (84) hours per week.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff and the putative collective/class members restate and incorporate by reference the above paragraphs as if fully set forth herein.

30. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA collective is defined as follows:

> All persons who worked as solids control technicians (or other job titles performing similar duties) for Defendants in the United States and are not included in the putative collective class definition in *Lebarron v. Kayden Industries (USA), Inc.*, Case No. 6:14-cv-6628-FPG (W.D.N.Y.), at any time since three years prior to the filing of this Complaint ("FLSA Collective").

31. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A.

32. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

33. During the applicable statutory period, Plaintiff and the putative collective/class members routinely worked in excess of forty (40) hours a workweek without receiving overtime compensation for their overtime hours worked.

34. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay their solid control technicians overtime compensation, as they were aware these employees were working overtime hours due to the nature of the long scheduled shifts and hours. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

35. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly-situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## OHIO CLASS ALLEGATIONS

36. Plaintiff (the "Ohio Class Representative") brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> All persons who worked as solids control technicians (or other job titles performing similar duties) for Defendants within the State of Ohio at any time since three years prior to the filing of this Complaint ("Ohio Class").

37. <u>Numerosity</u>: Upon information and belief, the proposed Ohio Class is so numerous that joinder of all members is impracticable. The Ohio Class Representative is

6

informed and believes, and on that basis alleges, that during the applicable statutory period, Defendants employed over 25 people who satisfy the definition of the proposed Ohio Class.

38. <u>Typicality</u>: The Ohio Class Representative's claims are typical of the members of the Ohio Class. The Ohio Class Representative had the same duties and responsibilities as other class members. Other class members worked unpaid overtime hours the Ohio Class Representative and the Ohio Class were subject to Defendants' policies and practices of failing to pay appropriate overtime compensation.

39. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

40. <u>Adequacy</u>: The Ohio Class Representative will fairly and adequately protect the interests of the Ohio Class and has retained counsel experienced in complex wage and hour class and collective action litigation.

41. <u>Commonality</u>: Common questions of law and fact exist to all members of the Ohio Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

    A. Whether Defendants improperly classified and treated the Ohio Class Representative and the members of the Ohio Class as exempt from Ohio wage and hour laws;

    B. Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Ohio Class Representative and the members of the Ohio Class in violation Ohio wage and hour laws;

    C. Whether Defendants' actions were willful; and

    D. The proper measure of damages sustained by the Ohio Class Representative and the Ohio Class.

42. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Ohio Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

43. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Ohio Class the overtime pay to which they are entitled. The damages suffered by the individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

44. Plaintiff intends to send notice to all members of the Ohio Class to the extent required by Rule 23. The names and addresses of the members of the Ohio Class are available from Defendants.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On behalf of Plaintiff and the FLSA Collective)**

45. Plaintiff and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

46. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

47. Defendants suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours a workweek without overtime compensation.

48. Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

49. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

**COUNT II – VIOLATION OF OHIO MINIMUM FAIR WAGE STANDARDS ACT FOR UNPAID OVERTIME COMPENSATION**

(On Behalf of the Ohio Class Representative and the Ohio Class)

51. The Ohio Class Representative and the Ohio Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

52. Ohio Rev. Code § 4111.03 requires employers to pay non-exempt employees one and one-half times the regular rate at which they are/were employed for all hours worked over forty (40) per work week.

53. Ohio Rev. Code § 4111.10 makes employers who violate Ohio Rev. Code § 4111.03 liable to the affected employees in the amount of unpaid wages, costs, and attorneys' fees. Ohio Rev. Code § 4113.15(A) makes employers who violate Ohio Rev. Code § 4111.03 liable for liquidated damages.

54. Defendants' actions, policies, and/or practices as described above Ohio Rev. Code § 4111.03 by regularly and repeatedly failing to compensate the Ohio Class Representative and the Ohio Class at the required overtime rate.

55. As the direct and proximate result of Defendants' unlawful conduct, the Ohio Class Representative and the Ohio Class have suffered and will continue to suffer a loss of income and other damages. The Ohio Class Representative and the Ohio Class are entitled to damages, including interest thereon, as well as attorneys' fees and costs, incurred in connection with this claim.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendants as follows:

    A.    Designation of this action as a collective action on behalf of Plaintiff and the FLSA Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

    B.    Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    C.    Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA and Ohio state law;

    D.    Judgment against Defendants for violation of the overtime provisions of the FLSA and Ohio state law;

E. Judgment that Defendants' violations of the FLSA and Ohio state law were willful;

F. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

G. An award of prejudgment interest;

H. An award of post-judgment interest;

I. An award of reasonable attorneys' fees and costs;

J. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

K. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: July 24, 2015
/s/Robert E. DeRose
Robert E. DeRose (0055214)
250 E. Broad Street, 10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
bderose@barkanmeizlish.com

/s/Michele R. Fisher
NICHOLS KASTER, PLLP
Michele R. Fisher*, MN Bar No. 303069
Alexander M. Baggio*, MN Bar No. 389912
4600 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fisher@nka.com
abaggio@nka.com

*Admitted Pro Hac Vice

Attorneys For Plaintiff and the Putative Collective/Class

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2015, I electronically filed the foregoing Second Amended Complaint via the Court's ECF system, which will send notice of such filing to all counsel of record.

/s/Robert E. DeRose
Robert E. DeRose